IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

EDWARD J. ROE; ANTHONY P. )
STASIAK, JR.; TIMOTHY J. )
STEPHEN; and JONATHAN WALKER; )
)
Plaintiffs, )
)
-vs.- ) No. 05-2208
)
LARRY T. SIMS, )
Chief Administrative Officer, )
Logan Correctional Center, )
Lincoln, Illinois; )
WILLARD O. ELYEA, M.D. )
Agency Medical Director, Illinois )
Department of Corrections; and )
ROGER E. WALKER, JR., )
Director of the Illinois Department )
of Corrections, )
)
Defendants. )

**FILED**

SEP 20 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## COMPLAINT

### JURISDICTIONAL STATEMENT

Plaintiffs are all inmates or former inmates at the Logan Correctional Center in Lincoln, Illinois. Plaintiffs' civil rights were violated in contravention of 42 U.S.C. §1983 because the Defendants were deliberately indifferent to Plaintiffs' medical condition in that inmates did not receive needed medical treatment for Hepatitis C. As further set forth in this Complaint, Plaintiffs have exhausted all administrative remedies.

This action arises under the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. Jurisdiction is invoked pursuant to 28 U.S.C.§§ 1331 and

1343(a). This Court has jurisdiction over the Plaintiff's request for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-2202.

## PARTIES

1. The Plaintiffs are inmates at Logan Correctional Center, a prison maintained by the Illinois Department of Corrections (hereinafter "IDOC") in Lincoln, Illinois.

2. The Plaintiffs have all been diagnosed through blood work as carrying the hepatitis C virus.

3. Defendant LARRY T. SIMS is the Chief Administrative Officer, or warden, of the Logan Correctional Center. In his professional capacity he has denied each of the grievances filed by Plaintiffs with regard to their medical treatment.

4. Defendant WILLARD O. ELYEA, M.D., is the Agency Medical Director of IDOC, and thus has primary responsibility for determining procedures within IDOC for the medical treatment of state inmates. In his professional capacity he has been informed of Plaintiff's complaints and grievances, and has taken no action thereupon.

5. Defendant ROGER E. WALKER, JR., is the Director of IDOC, and in his professional capacity has denied the appeals of grievances filed by Plaintiffs in conjunction with the Administrative Review Board of IDOC.

6. Plaintiffs have exhausted all administrative remedies available to them.

## FACTUAL CLAIMS

7. Hepatitis C is a potentially fatal disease which if left untreated may cause cirrhosis, or destruction of the liver, of those it afflicts, thus it poses a substantial risk of serious harm to

Plaintiffs.

8. Defendants know that hepatitis C poses a substantial risk of serious harm to the Plaintiffs.

9. A highly effective chemical treatment program for Hepatitis C is available, which has been shown to reduce the effects of hepatitis C, and even in some cases destroy it completely.

10. Before initiating this chemical treatment, however, the usual clinical step is to refer the patient to a specialist and perform a liver biopsy on a patient to determine whether a patient is a good candidate for chemical treatment.

11. None of the Plaintiffs has received a liver biopsy, chemical treatment or referral to a specialist.

12. IDOC, through Defendants, claims to follow the federal guidelines for treatment of hepatitis C.

13. Notwithstanding that clam, Plaintiffs were told that after a diagnosis for hepatitis C based on blood work, inmates must wait one year before receiving a liver biopsy and beginning treatment. This requirement appears nowhere within the federal guidelines IDOC claims to follow.

14. Treatment for hepatitis C is more effective when it is begun early in the course of the disease. However, if treatment is postponed, adverse effects of the disease and the necessity of a liver transplant become much more likely. Liver transplants are painful, difficult to obtain, and result in a lower recovery rate than the chemical treatment available for the early stages of hepatitis C infection.

15. Defendants refuse to administer the hepatitis C chemical treatment to Plaintiffs.

16. By refusing to treat Plaintiffs for hepatitis C, Defendants are deliberately indifferent to

the substantial risk of serious harm faced by the Plaintiffs.

19.    Defendants' refusal to treat Plaintiffs for hepatitis C is a willful and intentional deprivation meriting a punitive damage award against Defendants.

20. Defendant' refusal to treat Plaintiffs for hepatitis C is causing and continues to cause irreparable harm to Plaintiffs.

21. Defendants' refusal to treat Plaintiffs for hepatitis C is causing the Plaintiffs compensable pain and suffering.

### Plaintiff - EDWARD J. ROE

22.  Plaintiff EDWARD J. ROE was diagnosed by IDOC staff as being infected with the hepatitis C virus through blood work on July 3, 2002.

23.  Plaintiff EDWARD J. ROE has requested further treatment for hepatitis C, including a liver biopsy, but prison officials have refused to give it to him.

24.  Plaintiff EDWARD J. ROE has never received a liver biopsy, notwithstanding the stated IDOC policy to begin treatment (with a liver biopsy) one year after diagnosis.

25.  Plaintiff EDWARD J. ROE has exhausted all administrative remedies available to him and is now entitled to file suit in United States District Court.

### Plaintiff - ANTHONY P. STASIAK, JR.

26. Plaintiff ANTHONY P. STASIAK, JR. was diagnosed by IDOC staff as being infected with the hepatitis C virus on January 19, 2004, and informed of that diagnosis on January 22, 2004.

27. Plaintiff ANTHONY P. STASIAK, JR. Has requested further treatment for hepatitis C, including a liver biopsy, but prison officials refuse to give it to him.

28. On January 30, 2004, Plaintiff ANTHONY P. STASIAK, JR., filed a grievance with IDOC, asking for medical treatment for his diagnosed hepatitis C.

29. On March 5, 2004, Defendant LARRY T. SIMS denied relief for that grievance.

30. On March 23, 2004, Plaintiff ANTHONY P. STASIAK, JR. received notice that his grievance had been denied. That same day he appealed the grievance to the Director of IDOC, Defendant ROGER E. WALKER, JR.

31. On May 24, 2004, the Administrative Review Board denied Plaintiff ANTHONY P. STASIAK, JR.'s grievance, in a writing signed by Defendant ROGER E. WALKER, JR.

32. This denial constitutes the exhaustion of administrative remedies for Plaintiff ANTHONY P. STASIAK, JR. under Illinois Administrative Code § 504.850, thus fulfilling the requirements for suit under 42 U.S.C.§ 1997e(a).

### Plaintiff - TIMOTHY J. STEPHEN

33. Plaintiff TIMOTHY J. STEPHEN was diagnosed by IDOC staff as being infected with the hepatitis C virus on March 22, 2004.

34. Plaintiff TIMOTHY J. STEPHEN has requested further treatment for hepatitis C, including a liver biopsy, but prison officials refuse to give it to him.

35. Plaintiff TIMOTHY J. STEPHEN has exhausted all administrative remedies available to him and is entitled to file suit in United States District Court.

### Plaintiff - JONATHAN WALKER

36. Plaintiff JONATHAN WALKER was diagnosed by IDOC staff as being infected with the hepatitis C virus on October 17, 2003.

37. Plaintiff JONATHAN WALKER has requested further treatment for hepatitis C, including a liver biopsy, but prison officials refuse to give it to him.

38. On December 18, 2003, Plaintiff JONATHAN WALKER filed a grievance with IDOC, asking for medical treatment for his diagnosed hepatitis C.

39. On January 22, 2004, Defendant LARRY T. SIMS denied relief for that grievance.

40. On February 15, 2004, Plaintiff JONATHAN WALKER received notice that his grievance had been denied. He mailed the grievance as soon as he had access to a copy machine on February 18, 2004, to the Director of IDOC, Defendant ROGER E. WALKER, JR.

41. Section 504.850 of Title 20 of the Illinois Administrative Code provides for an appeal of a Chief Administrative Officer's decision on an inmate's grievance. That section states that an inmate "may appeal in writing to the Director within 30 days after the date of the decision." That section also requires copies of the Grievance Officer's report and the Chief Administrative Officer's decision be attached.

42. Plaintiff JONATHAN WALKER timely appealed Defendant LARRY T. SIMS's decision on the grievance by mailing his appeal on February 18, 2004, within the 30 day time frame called for by regulation.

43. Plaintiff JONATHAN WALKER complied with all administrative requirements, including a timely appeal. Plaintiff JONATHAN WALKER has therefore exhausted his administrative remedies for this matter, as required for suit under 42 U.S.C. § 1997e(a), as Defendant ROGER E. WALKER, JR. has refused to consider his appeal.

WHEREFORE, Plaintiffs pray this court for injunctive relief in the form of an order to

administer hepatitis C treatment, follow federal guidelines in treating Hepatitis C including referral to a specialist and performing liver biopsies as soon as possible. Plaintiffs also pray for a declaration that Defendants are violating the rights of Plaintiffs under the 8th and 14th Amendments to the United States Constitution. Plaintiffs also pray for their attorneys' fees pursuant to 42 U.S.C.§ 1988. Finally, Plaintiffs pray for damages from the Defendants in the sum of $1,000,000 (One Million Dollars) for the pain and suffering they have had to endure as a result of Defendants' constitutional violations.

                        EDWARD J. ROE; ANTHONY P. STASIAK, JR.; TIMOTHY J. STEPHEN; and JONATHAN WALKER, Plaintiffs

                        By _____
                              Of Heller, Holmes & Associates, P.C.
                                    Their Attorneys

H. KENT HELLER
HELLER, HOLMES & ASSOCIATES, P.C.
1101 Broadway Avenue
P.O. Box 889
Mattoon, IL 61938
TEL: 217-235-2700
FAX: 217-235-0743
c:prisoners.complaint/kjs09162005

| JS 44 | | CIVIL COVER SHEET | |
|---|---|---|---|
| (Rev. 07/89) | | | |

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
Edward J. Roe, Anthony P. Stasiak, Jr., Timothy J. Stephen, & Jonathan Walker

**DEFENDANTS**
Larry T. Sims, Willard O. Elvea, M.D., & Roger E. Walker, Jr.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Coles
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Lincoln
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
H. Kent Heller
Heller, Holmes & Associates, P.C.
P.O. Box 889
Mattoon, IL  61938
(217) 235-2700

ATTORNEYS (IF KNOWN)

05-2208

**FILED**
SEP 20 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☒1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. Section 1983

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 382 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23
**DEMAND $** $1,000,000.00
Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 9/19/05
SIGNATURE OF ATTORNEY OF RECORD: H. Kent Heller

UNITED STATES DISTRICT COURT