UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

EDWARD J. ROE,[1]
ANTHONY P. STASIAK,
TIMOTHY J. STEPHEN,
JACKSON WALKER,

        Plaintiffs,

        06-3034

WILLARD O. ELYEA, in his
individual capacity, and
MICHAEL PUISIS, in his
official capacity as Medical
Director of the Illinois Dep't of Corrections[2],

        Defendants.

<u>Order</u>

        On February 18, 2009, the court granted Defendant Elyea's motion for judgment as a matter of law, as to Plaintiffs Stasiak, Stephen and Walker. The court denied Elyea's motion as to Plaintiff Roe, except as to the punitive damages award. The court proposed a remittitur of Plaintiff Roe's punitive damages to $20,000.00 (reduced from $2,000,000.00). The court specified in the order that Plaintiff Roe had 14 days from the entry of the order to accept or reject the proposed remittitur. The court specified in the order that failure to file a response would be deemed an acceptance of the proposed remittitur.

        The fourteen day deadline expired on March 4, 2009, with nothing filed by Plaintiff Roe. Pursuant to the court's order, Roe's failure to respond indicated acceptance of the remittitur. Accordingly, the judgment will be amended to reduce the punitive damages to $20,000.

        The court notes that Plaintiff Roe filed a Notice of Appeal on March 28, 2009, appealing the remittitur. However,

---

[1] Edward Roe is deceased. Sandy Roe, as Administrator of Edward Roe's Estate, has been substituted for Edward Roe.

[2] Michael Puisis (IDOC's current Medical Director) was substituted for Defendant Elyea in his official capacity for purposes of injunctive relief. (2/20/08 Court Order).

An order that offers a choice between a remitted award and a new trial is not a final decision, and if a plaintiff agrees to accept the reduced judgment in the trial court, that plaintiff may not later argue that the jury's verdict should be reinstated on appeal. *Id.* However, if the plaintiff declines to accept the reduced award, no appeal may be taken until after a new trial.

*Republic Tobacco Co. v. North Atlantic Trading Co.*, 381 F.3d 717, 739 (7th Cir. 2004)(citing *Donovan v. Penn Shipping Co., Inc.*, 429 U.S. 648, 650 (1977) and *Ash v. Georgia-Pacific Corp.*, 957 F.2d 432, 437 (7th Cir. 1992)(also discussing "pratfall" approach to expediting appeal). That, however, is for the Seventh Circuit Court of Appeals to decide.

IT IS THEREFORE ORDERED:

1) Plaintiffs' motion to strike the notice of appeal filed by Attorney David Stevens (who was not yet added as one of their attorneys of record) is granted (d/e 95). The court notes that Mr. Heller, Plaintiffs' attorney of record throughout, filed a Notice of Appeal (d/e 97), which is the operative notice of appeal.

2) The amended judgment entered March 18, 2009, as to Plaintiff Roe, is amended to award Plaintiff Roe $20,000.00 in punitive damages, rather than the $2,000,000.00 in punitive damages awarded by the jury. The jury verdict in favor of Plaintiff Roe and against Defendant Elyea in his individual capacity remains, as do Plaintiff Roe's compensatory damages of $20,000.00 against Defendant Elyea in his individual capacity.

3) The court also clarifies that Defendant Puisis, who was substituted for Defendant Elyea in his official capacity after the jury trial for purposes of injunctive relief only, is terminated. As the court stated in its prior orders, no injunctive relief is available in this case. The judgment is therefore further amended to state that judgment is entered in favor of Defendant Puisis, in his
official capacity, and against Plaintiffs.

4) This case is closed.

Enter this 24th day of March, 2009.

                                              **s\Harold A. Baker**

                                        HAROLD A. BAKER
                            UNITED STATES DISTRICT JUDGE